CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JUL 25 2006

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

JEFFREY A. MCCLELLAN, # 338295,    )
     Plaintiff,                  )
                             )
v.                               )
                             )
WARDEN K. BASSETT,         )
     Defendant.              )
                             )

Civil Action No. 7:06cv00426

**MEMORANDUM OPINION**

By: Samuel G. Wilson
United States District Judge

Plaintiff Jeffrey A. McClellan, # 338295, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. McClellan alleges that correctional officers damaged his personal property while conducting a cell "shakedown" and on multiple occasions have called him names and encouraged him to fight with another inmate. McClellan makes no specific claim for relief. The court finds that McClellan's complaint fails to state a claim upon which relief can be granted; and, therefore, dismisses this action without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

I.

McClellan alleges that on May 1, 2006, three unnamed correctional officers conducted a "shakedown" in his cell. During the course of the search he claims those officers threw his personal belongings on the floor and walked on his Bible and face towel. McClellan complains that although the building supervisor saw the mess made by the officers and the footprints on the Bible, the building supervisor lied in response to McClellan's grievances and refused to punish the officers.

---

[1]The court notes that McClellan has failed to make any specific allegation against the named defendant. However, even if plaintiff were granted an opportunity to amend his complaint to name specific defendants, his claims would still fail for the reasons stated herein.

Dockets.Justia.com

McClellan also claims that correctional officers have called him a "P.C. Bastard" and have encouraged him to beat up another inmate. However, he does not allege that he has been involved in any fisticuffs nor threatened with actual violence.

## II.

The intentional or negligent deprivation of personal property by a prison employee acting outside the scope of official policy or custom does not rise to the level of a constitutional violation so long as the state provides an adequate post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527 (1981). The state has established a grievance procedure which McClellan has utilized in this matter. Further, the Virginia Tort Claims Act is also available to McClellan. See Wadhams v. Procunier, 772 F.2d 75 (4th Cir. 1985) (holding the remedies available under the Virginia Tort Claims Act to be sufficient post-deprivation remedies); Ballance v. Young, 130 F.Supp.2d 762, 767 (W.D. Va. 2000). Accordingly, because there are state remedies capable of addressing McClellan's alleged injury, the court finds that he has failed to state a cognizable constitutional claim regarding his lost or damaged property.

Further, inasmuch as a state grievance procedure does not confer any substantive right upon prison inmates, a prison employee's failure to comply with the state's grievance procedure is not actionable under § 1983. Adams v. Rice, 40 F.2d 72 (4th Cir. 1994). Accordingly, an improper response to McClennan's grievances or a failure to properly process his complaints related to the damaged property does not raise a claim of constitutional magnitude.

## III.

Verbal abuse and harassment by correctional employees, without more, does not state a claim

of cruel and unusual punishment. See Cullins v. Cundy, 603 F.2d 825 (10th Cir. 1979) (holding that the Sheriff's actions in laughing at and threatening to hang the plaintiff were not sufficient to show the deprivation of a constitutional right). The constitution does not "protect against all intrusions on one's peace of mind." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991). Therefore, an institutional employees's verbal harassment or idle threats to an inmate, even if they cause an inmate fear, anxiety, or discomfort, do not constitute an invasion of any identified liberty interest. Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989) (verbal threats causing fear for plaintiff's life not an infringement of a constitutional right); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (calling an inmate an obscene name did not violate constitutional rights); Lamar v. Steele, 698 F.2d 1286 (5th Cir. 1983) ("Threats alone are not enough. A section 1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation."); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (defamation does not implicate any constitutionally protected right); Keyes v. City of Albany, 594 F. Supp. 1147 (N. D. N.Y. 1984) ("[T]he use of vile and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a 1983 claim."). Accordingly, McClellans's allegations that correctional employees have spoken or continue to speak to him in an unprofessional and inappropriate manner, do not state a constitutional claim.

## IV.

For the stated reasons, McClellan's claims are dismissed pursuant to § 1915A(b)(1) for failure to state a claim.

McClellan is hereby advised that this dismissal constitutes a third "strike" pursuant to 28

U.S.C. §1915(g).[2] McClellan is further advised that he cannot file any future civil actions without prepayment of the $ 350.00 fee required for filing civil actions,[3] unless he demonstrates that he is "under imminent danger of serious physical injury." § 1915(g).

**ENTER**: This 27th day of July, 2006.

_____
United States District Judge

---

[2] Section 1915(g), enacted as part of the Prison Litigation Reform Act of 1996 ("PLRA"), provides that a prisoner may not bring a civil action without prepayment of the filing fee,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The court takes judicial notice of the fact that plaintiff has had at least two previous civil actions dismissed by the United States District Court for the Western District of Virginia pursuant to 28 U.S.C. § 1915A(b)(1). See McClellan v. Smith, Civil Action No. 7:97cv00087 (W.D. Va. Feb. 6, 1997); McClellan v. Smith, Civil Action No. 7:96cv01004 (W.D. Va. Dec. 23, 1996). The court thus finds that plaintiff now has at least three "strikes" within the meaning of 28 U.S.C. §1915(g).

[3] This fee is set by statute. See 28 U.S.C. § 1914(a).